FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TABITHA NORRIS and PAUL NORRIS, husband and wife, and the marital community composed thereof,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES HOLDINGS, f/k/a UNITED CONTINENTAL HOLDINGS, a Delaware Corporation; UNITED AIRLINES, INC., a Delaware Corporation; G2 SECURE STAFF, L.L.C., a Texas Corporation; BRENNA CALDEIRA, an individual; GREG DEUTSCH, an individual; and DOES 1 through 20,<br><br>Defendants. | No. 2:25-CV-00145-RLP<br><br>ORDER ON MOTION TO REMAND |

BEFORE THE COURT is Plaintiffs Tabitha and Paul Norris's Motion to Remand, ECF No. 6. The Motion was considered without oral argument. For the reasons set forth below, the Court agrees with Plaintiffs that removal of this matter to federal court on the basis of diversity jurisdiction was improper. Because Defendants' request for removal of this case to federal court is not objectively unreasonable, the Court denies Plaintiffs' request for attorney fees and costs.

ORDER ON MOTIONS TO REMAND
AND TO DISMISS ~ 1

# BACKGROUND

Plaintiffs Tabitha and Paul Norris originally filed this action in Spokane Superior Court against Defendants United Airlines Holdings, United Airlines, Inc., G2 Secure Staff, LLC (G2), Brenna Caldeira, Greg Deutsch, and fictitious defendants. The Complaint alleges negligence under Washington law against all defendants, and assault and battery against Mr. Deutsch.

The Complaint alleges that the Norrises are citizens of Idaho and that they flew to Spokane, Washington in March of 2023 on United Airlines. Ms. Norris has several medical conditions that limit her mobility and necessitate ambulation by wheelchair. At the time of the Norrises' travel, the airline was informed of Ms. Norris's disability and her need for accommodation.

When the Norrises landed in Spokane, Mr. Norris left the aircraft to retrieve gate-checked portions of Ms. Norris's wheelchair in the jet bridge. Mr. Norris subsequently attempted to re-enter the aircraft to assist Ms. Norris. However, United Airlines passenger service agent Brenna Caldeira denied Mr. Norris's re-entry, citing FAA regulations.

Ms. Caldeira summoned a ramp agent, Greg Deutsch, to assist Ms. Norris. Mr. Deutsch facilitated Ms. Norris's transfer from her assigned seat to the jetway using an aisle chair. During the transfer, Mr. Deutsch allegedly mishandled the process, causing Ms. Norris to fall and sustain spinal injuries. A second fall

ORDER ON MOTIONS TO REMAND
AND TO DISMISS ~ 2

occurred when Ms. Norris was transferred from the aisle chair to her wheelchair.

On May 2, 2024, Mr. Deutsch removed the matter to federal court based on diversity jurisdiction. Mr. and Ms. Norris thereafter filed the instant Motion, arguing Ms. Caldeira is a Washington resident and therefore the forum defendant rule (28 U.S.C. § 1441(b)(2)) precludes removal. Mr. Deutsch responds Ms. Caldeira's joinder as the lone forum defendant is fraudulent and therefore does not invoke the forum defendant rule.[1]

## LEGAL STANDARD

A plaintiff may bring a motion to remand, based on any defect other than a lack of subject matter jurisdiction, within 30 days of the Notice of Removal. 28 U.S.C. § 1447(c). Removal based on diversity jurisdiction is improper where any defendant is from the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2).

"An exception to the requirement of complete diversity is where one defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th

---

[1] All other defendants have joined Mr. Deutsch's response. ECF No. 14.

Cir. 1987); *see also TPS Utilicom Services, Inc. v. AT&T Cor*p., 223 F.Supp.2d 1089, 1102 (C.D. Cal. 2022) ("There is fraudulent joinder when there is no possibility of recovery against a resident defendant according to the settled rules of the state. There is no cause of action stated when the relevant claim is patently spurious, or when there is no reasonable basis for imposing liability on the resident defendant." (internal citations omitted)).

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Fraudulent joinder is established the second way if a defendant shows that an individual joined in the action cannot be liable on any theory. But if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (emphasis in original) (internal quotations and citations omitted).

The test for fraudulent joinder is similar but not identical to the test for failure to state a claim under Rule 12(b)(6). *Id*. at 549. If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. *Id*. at 550.

ORDER ON MOTIONS TO REMAND
AND TO DISMISS ~ 4

However, even if there is a deficiency in the complaint, fraudulent joinder does not apply in all cases—the district court must still consider if a deficient complaint can be cured. *Id*.

"A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding fraudulent joinder." *Id*. at 548 (internal quotations omitted).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704 (2005).

## DISCUSSION

Defendants contend Mr. and Ms. Norris have not alleged a colorable claim against Ms. Caldeira because her actions were taken in the scope of her employment and, as a result, her employer may be held vicariously liable under the doctrine of *respondeat superior*. Without Ms. Caldeira's inclusion as a defendant, Defendants argue this case satisfies the requirements of diversity jurisdiction.

Defendants' argument fails. In Washington, an employee "remains liable for his or her own wrongful acts" despite application of *respondeat superior* liability for the employer. *Brown v. Scott Paper*, 143 Wn.2d 349, 360 n.3, 20 P.3d 921

(2001); *see also Brown v. Labor Ready Northwest, Inc.*, 113 Wn. App. 643, 646, 54 P.3d 166 (2002) (In Washington, "[v]icarious liability depends upon the liability of the negligent agent to the injured plaintiff"). Because, under Washington law, the existence of *respondeat superior* liability for the employer does not excuse an employee from liability, Ms. Caldeira remains a viable forum defendant despite the potential application of *respondeat superior* liability to her employer.

Given the Norrises have stated a valid claim against Ms. Caldeira, Ms. Caldeira's status as a Washington resident defeats defendants' claim to diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2). The Court therefore lacks subject matter jurisdiction and this case must be remanded.

Mr. and Ms. Norris request an award of attorney fees and costs based on improper removal under 28 U.S.C. § 1447(c). An award of fees and costs under this statute is not automatic. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704 (2005). Rather, costs and fees may generally only be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141. "Removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Granacre, 889 F.3d at 552 (internal quotations omitted).

ORDER ON MOTIONS TO REMAND
AND TO DISMISS ~ 6

Here, the Court cannot conclude removal was objectively unreasonable. Although the rules governing diversity jurisdiction are well-established, the cases Defendants cite demonstrate that courts applying other states' laws have found similar arguments persuasive. *See Olvera v. Walmart, Inc.*, 2022 WL 2177145 (D. Nev., 2022). Defendants' removal was therefore not objectively unreasonable, and the Norrises' request for attorney's fees is therefore denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, **ECF No. 6.**, is **GRANTED**.

2. The case is **REMANDED** to Spokane County Superior Court, Case No. 25-2-01431-32 for further proceedings.

3. Plaintiff's request for fees and costs is **DENIED**.

4. All hearings and other deadlines in this matter are hereby **STRICKEN.**

5. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide copies to counsel and a certified copy to the Clerk of the Superior Court of the State of Washington for Spokane County, Case No. 25-2-01431-32, and **CLOSE** the file.

DATED July 3, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS TO REMAND
AND TO DISMISS ~ 7